IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ROY PARKINSON,<br><br>                Petitioner,<br><br>v.<br><br>STATE OF UTAH,[1]<br><br>                Respondent. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION TO<br>DISMISS HABEAS PETITION**<br><br>Case No. 2:19-CV-19-DB<br><br>District Judge Dee Benson |

This federal habeas petition, (ECF No. 1), is brought under 28 U.S.C.S. § 2241 (2020), "used to attack the execution of a sentence," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). However, the petition actually challenges Petitioner's conviction and sentencing and so should have been brought under 28 U.S.C.S. § 2254 (2020); *see McIntosh*, 115 F.3d at 811 (stating "§ 2254 habeas . . . proceedings . . . are used to collaterally attack the validity of a conviction and sentence"). The Court thus construes the petition as having been brought under § 2254.

Petitioner apparently argues state-court proceedings violated his rights to (1) due process, based on his charge stating first-degree felony when he originally pled guilty to a second-degree felony then later pled guilty to the first-degree felony; (2) effective assistance of counsel because (a) counsel did not explain that the original plea bargain (to second-degree felony) would be

---

[1] Petitioner misidentifies State of Utah as Respondent. In federal habeas cases, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004); *see also* 28 U.S.C.S. §§ 2242, 2243 (2020). The proper respondent is therefore the current warden at Utah State Prison, Robert Powell, (ECF No. 12, at 1), and it is he who moves to dismiss, (*id.*).

voided upon Petitioner's plea of guilty to the second plea bargain (first-degree felony), and (b) counsel said it would appeal but did not; (3) receive exculpatory evidence before pleading guilty; and (4) receive the same sentence as his co-defendant. (ECF No. 1, at 6-8.)

Respondent moves to dismiss, (ECF No. 12), arguing the petition was filed past the federal period of limitation, 28 U.S.C.S. § 2244(d) (2020). Petitioner opposes the motion. (ECF No. 14.) The motion to dismiss is now granted.

## I. CASE TIMELINE

• 3/31/00 – Offense date. (ECF No. 1-1, at 84.)

• 4/1/00 – Petitioner's two young daughters examined at Primary Children's Medical Center (PCMC) for "possible meth exposure." (*Id*. at 64, 71.)

• 4/8/00 – Daughters' PCMC laboratory results show "Negative" for acetaminophen, barbiturates, benzodiazepines, cocaine and metabolites, ethanol, opiates, salicylates, stimulant amines, and tricyclic antidepressant. (*Id*. at 69-70, 75.)

• 3/5/01 – In Utah court, Petitioner pled guilty to second-degree felony. (ECF No. 1-3, at 44.)

• 6/25/01 – State's motion to set aside Petitioner's guilty plea granted. (ECF No. 1-3, at 45-46.)

• 6/24/02 – Petitioner pled guilty to first-degree felony of operation of clandestine laboratory, as originally charged. (ECF No. 1-1, at 25.)

• 2/10/03 – Petitioner sentenced to five-years-to-life. (*Id*. at 52.)

• 3/5/03 – Notice of appeal filed. (*Id*. at 53.)

• 4/27/03 – Petitioner signed "Authorization to Use and Disclose Protected Health Information," for his children's "Lab report(s)" and "Alcoholic/Drug Treatment record(s)," from April 2, 2000, (*Id*. at 65), around date seen at PCMC for "possible meth exposure," (ECF No. 1-3, at 74).

- 5/5/03 – Petitioner filed timely notice of appeal. (ECF No. 1-1, at 8.)

- 11/4/03 – Letter from Utah Court of Appeals that appeal dismissed. (*Id*. at 55.)

- 12/4/03 – After time expired without Petitioner petitioning for certiorari review by Utah Supreme Court, judgment of conviction became final. (*Id*.)

- 8/31/15 – Petitioner filed second notice of appeal in Utah state court. (*Id*.)

- 10/19/15 – Utah Court of Appeals dismissed appeal for lack of jurisdiction due to untimeliness. (ECF No. 12, at 7.)

- 1/27/16 – Utah Supreme Court denied petition for certiorari review. (ECF No. 1-3, at 66.)

- 4/7/16 – Petitioner filed § 2254 petition in this Court. *Parkinson v. Utah*, 2:16-CV-152-DN.

- 7/5/17 – This Court granted Petitioner's motion to dismiss his petition. (*Id*.)

- 12/29/17 – Petitioner filed state motion to correct sentence under Utah Rule of Criminal Procedure 22(e). (ECF No. 1-1, at 56.)

- 2/7/18 – Motion to correct sentence denied in trial-court minute order. (*Id*.)

- 6/13/18 – Utah Court of Appeals affirmed denial of motion to correct sentence. (*Id*. at 18.)

- 10/2/18 – Utah Supreme Court denied certiorari review of court of appeals' affirmance of trial court's denial of motion to correct sentence. (*Id*. at 82.)

- 1/9/19 – Current petition filed. (*Id*.)

## II. PERIOD-OF-LIMITATION ANALYSIS

Federal statute sets a one-year period of limitation to file a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2020). The period runs

> from the latest of—. . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or . . . the date on which the

>factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1).

### A. ISSUES

### 1. ALL ISSUES EXCEPT FOR "EXCULPATORY EVIDENCE"

When the time expired on December 1, 2003 for Petitioner to seek certiorari review in the Utah Supreme Court, the one-year federal habeas limitation period began running. The period of limitation lapsed on December 1, 2004--more than fourteen years before this petition was filed, on January 9, 2019.

### 2. EXCULPATORY-EVIDENCE ISSUE

Assuming just for the sake of this Order that the earliest Petitioner could have found out about exculpatory evidence (in the form of his children testing negative for methamphetamine elements) was August 2015, the period of limitation would have lapsed one year later, in August 2016.[2] Whereas, this petition was filed more than two years later.

### B. STATUTORY TOLLING

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2020). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

---

[2] Petitioner's argument that he just discovered this exculpatory evidence in August 2015 is undercut by the very evidence that he attached to his petition. A document attached to his petition, dated April 27, 2003, shows Petitioner signed "Authorization to Use and Disclose Protected Health Information," for his children's "Lab report(s)" and "Alcoholic/Drug Treatment record(s)," from April 2, 2000, (ECF No. 1-1, at 65), around the date they were seen at PCMC for "possible meth exposure," (ECF No. 1-3, at 74). This proves that Petitioner was at least aware such lab tests were done on his daughters. Whether or not he actually saw the results, it was up to him to bring this potential evidence to the attention of proper authorities immediately.

4

subsection." *Id.* However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Because Petitioner did not have any state post-conviction cases pending during any running of the period of limitation, no limitation period was tolled: (1) His second direct appeal of his criminal case does not qualify as a *post-conviction* case. (2) His prior *federal* habeas petition in this Court does not qualify to toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding limitation period not tolled during federal-petition pendency). (3) A motion to correct illegal sentence may qualify as a state post-conviction-relief request, *see Deal v. McKune*, 244 F. App'x 185, 186-87 (10th Cir. 2007) (unpublished), but this one was filed after the limitation period's expiration.

### C. EQUITABLE TOLLING

So, Petitioner has no ground for statutory tolling. However, he possibly offers arguments for equitable tolling. He suggests that he was not knowledgeable about the appeals and habeas-corpus processes, lacked legal resources, and is actually innocent.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting

5

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

### 1. EXTRAORDINARY CIRCUMSTANCES

Petitioner generally fails to spell out how circumstances affected his ability to bring his petition earlier. *Johnson v. Jones*, 274 F. App'x 703, 705 (10th Cir. 2008). For instance, he has not specified how, in the many years between December 1, 2003 (judgment of conviction final), and January 9, 2019, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him to file some kind of petition. He also does not hint how extraordinary circumstances eased to allow him to file this habeas-corpus petition on January 9, 2019. Such vagueness is fatal to his contention that extraordinary circumstances kept him from timely filing.

Still, Petitioner asserts his lateness should be excused because he lacked legal resources and knowledge. However, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, 143 F. App'x 913, 914 (10th Cir. 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Indeed, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

Petitioner has not met his burden of showing that--during the limitation period's running and well beyond--he faced extraordinary circumstances that kept him from timely filing or took

specific steps to "'diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Petitioner thus has not established this first basis for equitable tolling.

## 2. ACTUAL INNOCENCE

Petitioner also possibly suggests his lateness is excused because he is actually innocent, based on "exculpatory evidence" of his children testing negative for drug or chemical exposure. (ECF Nos. 1, at 7.) Again, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

The Court parses Petitioner's contention that the limitation period should be tolled due to his actual innocence. His argument in its entirety is as follows: "Had prosecution provided [evidence of his children testing negative for exposure to methamphetamine production] there would have a high probability of a different outcome." [Sic] (ECF No. 1, at 7.) And, "[t]he testing of the Petitioner's children . . . was performed (which yielded negative results) [and] this very important evidence . . . proved that his children . . . had never been exposed to methamphetamine being made in, or near the residence." (ECF No. 9, at 3.) Petitioner provides no further details or analysis.

"[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at [or available for] trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Further, this evidence must "affirmatively demonstrate . . . innocence," not just "undermine the finding of guilt." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (1993). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable

7

juror would have found the defendant guilty.'" *See Rose*, 194 F. App'x at 502 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare, though, that "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324.

First, Petitioner has not presented new evidence here. The evidence is more than twenty years old; he knew it existed, at the very latest, when he requested it in 2003; and--even if he did just discover it in 2015--the evidence was three-to-four years old when he filed this petition.

Moreover, Petitioner completely ignores his burden to show the "new evidence" was so strong that "no reasonable juror" would have found him guilty. *See id.* at 329. He has not even argued that the elements tested for are those that would show exposure to chemicals used to make methamphetamine. Nor has he explicitly contended--nor shown in any way--that it would be impossible for his children to have tested negative for the substances in the PCMC report in a home containing a clandestine laboratory. Consequently, Petitioner has not demonstrated that his plea-bargained conviction--when weighed with all other evidence--is such that no reasonable trier of fact could have found him guilty.'" *Rose*, 194 F. App'x at 502 (citation omitted).

The Court thus rejects actual innocence as a basis for equitable tolling.

### III. CONCLUSION

Petitioner's habeas petition is untimely. And Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Yang*, 525 F.3d at 930. Nor has he validly asserted his actual innocence. Petitioner thus has not established a basis for equitable tolling.

**IT IS ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**. (ECF No. 12.)

(2) A certificate of appealability is **DENIED**.

(3) The Clerk of Court is directed to **CLOSE** this action.

    DATED this 17th day of August, 2020.

                      BY THE COURT:

                        DEE BENSON
                        United States District Judge